## STATE v. MARTIN H. ZABRISKIE.

1. There must be special ground shown to entitle an indicted defendant to an allowance of a writ of *certiorari* to bring the record into this court.
2. The request of the inferior court will be a strong reason in favor of the allowance of the writ.
3. The writ is allowable as of course at the instance of the attorney-general, or prosecuting attorney acting for him, to bring up such record even after verdict.

On *certiorari*.

An indictment was found by the grand jury of Bergen county against Martin H. Zabriskie, and returned to the Court of Oyer and Terminer at September Term, 1880.

It was handed down to the Court of Quarter Sessions, and tried at that term; and there was a mistrial, by reason of a disagreement of the jury.

It was again moved at the December Term following, and the defendant was convicted.

On February 5th following, the following rule was entered by order of the Court of Quarter Sessions: "The defendant having been tried and convicted upon this indictment, whereupon, upon motion of Abraham D. Campbell, Esq., prosecutor of the pleas in behalf of the state, for judgment, the court announced that, because of the inability of the court to pass sentence, this indictment, with all proceedings thereunder, be removed by *certiorari* to the Supreme Court, in order that the sentence of the law be there passed upon the defendant."

A writ of *certiorari* was allowed by Justice Dixon, and the record has been returned to this court. The counsel for the defendant now moves that the writ be dismissed, as improvidently allowed.

Argued at February Term, 1881, before Justices DIXON, REED and PARKER.

VOL. XIV.                    2 A

For the motion, *J. D. Bedle.*

*Contra, W. Y. Johnson.*

The opinion of the court was delivered by

REED, J.   The dismissal of this writ is urged upon the ground that while, by the practice of the Court of King's Bench, writs of *certiorari* were sometimes allowed to bring up a record after conviction and before judgment, yet that this case is not within the class of cases where this was permissible.

A number of cases were cited in support of this view.

In *Regina* v. *Porter*, 1 *Salk.* 149, a writ was refused because a writ of error would lie after judgment, and there was no special reason why the fine should be set in the Court of King's Bench.

For the same reasons, in *Regina* v. *Bothell*, 6 *Mod.* 17, a *procedendo* was awarded by the Court of King's Bench in a case brought up by *certiorari.*

In *Rex* v. *Gwynne*, 1 *Burr.* 752, a *procedendo* was granted because the *certiorari* was not granted till after the defendant had confessed the assault below.

In *Rex* v. *Jackson*, 6 *T. R.* 145, Lord Kenyon said that, in cases where the punishment was discretionary, a *procedendo* must be awarded and the party sent back to the inferior jurisdiction to receive judgment; and inasmuch as errors in the record were reviewable by writ of error, the Court of King's Bench would not hear objections to the record on motion in arrest of judgment.

In *Rex* v. *Oxford*, 13 *East* 411, the Court of King's Bench refused a *certiorari* to remove an indictment for a misdemeanor and the proceedings thereon at the Assizes, after conviction and before judgment; which writ was prayed for the purpose of applying for a new trial, on the ground that the verdict was against the weight of evidence and the judge's direction.

In all these cases the writ was prayed, or it had been allowed, at the instance of the defendant, and they are but

illustrations of the general rule that, upon the application of the defendant, there must be special ground laid to induce the court to make the allowance.

There is obvious propriety apparent in many cases that the court which tried should, by reason of their familiarity with the facts, pass judgment. This induced the superior court to refrain from interfering with such causes after conviction, unless there was some pressing reason. In the present case, if the allowance had been made at the prayer of the defendant, the reason for such allowance would be conclusive.

The court before which the trial occurred are unable to pass the sentence. That inability, by admission made on the argument, arises from the equal division of the court upon the question of punishment.

Now, while it cannot be said that such division presents an insurmountable obstacle to any action of the inferior court, it certainly presents a case where such action cannot be satisfactory. This alone is sufficient ground for retaining the record here.

There is no difficulty in comprehending the facts. The modern feature of stenographic reproduction of the testimony has done much to place the superior court in full possession of the causes as tried below.

But this writ was not prayed by the defendant. The allowance was made by direction of the inferior court. The sentiment of the inferior court in favor of a writ is a strong, if not a controlling reason for the retention of the record here. *Regina* v. *Porter, supra.*

Whether the desire of the inferior court arises from legal questions which it desires this court to solve, or entanglements arising from diverse views upon matters of fact, does not seem material, if the difficulties are real and such as can be resolved in this court.

That such is the state of affairs in the present case is transparent.

There is another view pressed by the state which it may be well to consider. It appears that this writ was, in fact, sued

out by the prosecutor of the pleas of Bergen county, and endorsed by him. The contention is, that to him the writ was a matter of right.

It is undoubtedly the rule in England that the writ of *certiorari* is demandable of absolute right by the king himself, and to him the court is bound to grant it. When applied for by the attorney-general or other officer of the crown, it must issue as a matter of course, and the court has no discretion to exercise.

The attorney-general here, as in England, is the representative of the state in the prosecution of offences against the state.

Except as modified by constitutional or statutory regulation, his functions here are similar to those exercised by the representative of the crown there.

The practice of the Supreme Court here is a counterpart of the practice of the King's Bench.

In the matter of criminal procedure upon indictment, the difference of the forms of government has led to no material modification of the functions of the Supreme Court as the superior court of criminal jurisdiction, or of the attorney-general as the representative of the public in the enforcement of the criminal law of the state.

The prosecutor is the representative of the attorney-general, and although subject to some extent to his control, is entitled in his absence to exercise his functions in the county for which the former officer is appointed. *State* v. *Thompson, Spenc.* 689.

The authority of the officer representing the state in the prosecution of its criminal laws to remove at any time into the court which in the state is the representative of the King's Bench, a record in a criminal cause, has been repeatedly recognized in this country. *People* v. *Vermilyea,* 7 *Cow.* 141 ; *People* v. *Baker,* 3 *Park. C. C.* 181 ; *State* v. *Stone,* 3 *Harr. & McH.* 115 ; *Commonwealth* v. *Capp,* 48 *Penna. St.* 53.

Upon all these grounds, I think the motion to dismiss should be overruled, with costs.